**UNITED STATES, Appellee,**

v.

**Thomas JACKSON, Defendant–Appellant.**

**No. 04–1822.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2005.

David A. Lewis, Legal Aid Society, New York, New York, for Appellant.

Alphonso A. Grant, Jr., Assistant United States Attorney (Cecil C. Scott, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

Present: RAGGI, WESLEY, Circuit Judges, and DRONEY, District Judge.[1]

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED AND DECREED that Thomas Jackson's challenges to the judgment of conviction entered against him on April 20, 2004, are rejected, except

---

**1.** The Honorable Christopher F. Droney, of the United States District Court for the Dis- trict of Connecticut, sitting by designation.

for his Sixth Amendment challenge to his sentence, on which point we REMAND to the district court for further proceedings consistent with this order.

Defendant-appellant Thomas Jackson appeals a final judgment convicting him after a jury trial of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). We assume the parties' knowledge of the facts and the procedural history of the case, and we repeat them here only as necessary to explain our disposition.

## 1. Jury Charge

Jackson, who testified on his own behalf, submits that he was prejudiced by the district court's instruction to the jury as to its evaluation of the credibility of witnesses with interests in the outcome of the case. The challenged instruction states as follows:

> In evaluating credibility of witnesses you should take into account evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive on the part of the witness to testify falsely, and may sway the witness to testify in a way that advances his or her interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that fact in mind when evaluating the credibility of his or her testimony, and accept it with great care.

> This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. There are many people who no matter what their interest in the outcome of the case may be would not testify falsely. It is for you to decide based on your own perceptions and common sense to what extent, if at all, the witness[']s interest has [affected] or colored his or her testimony.

Trial Tr. at 233–34. Jackson contends that instructing the jury that it should "accept ... with great care" the testimony of an interested witness placed an impermissible obstacle in the way of the jury's crediting his testimony. He submits that the challenged charge, though not specifically referencing his testimony, could have applied only to him.

The law is well established that we review purported errors in jury instructions in light of the charge as a whole. *See United States v. Aina–Marshall*, 336 F.3d 167, 170 (2d Cir.2003). Moreover, because Jackson did not object to the challenged instruction at trial, we will reverse only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Aspinall*, 389 F.3d 332, 341 (2d Cir.2004). We find no such error in this case.

Preliminarily, we are not convinced that defendant was the only interested witness to whom the challenged charge might have pertained. Even if we were, however, there would be no error. We have long recognized that a trial court may instruct a jury that a criminal defendant has an interest in the outcome of a case that gives him a motive to lie, provided that the court also instructs the jury that, despite this motive, the witness may nevertheless tell the truth. *See, e.g., United States v. Floyd*, 555 F.2d 45, 47 & n. 4 (2d Cir.1977); *see also United States v. Gleason*, 616 F.2d 2, 15–16 (2d Cir.1979); *United States v. Tolkow*, 532 F.2d 853, 859 (2d Cir.1976); *United States v. Martin*, 525 F.2d 703, 706 (2d Cir.1975); *United States v. Mahler*, 363 F.2d 673, 678 (2d Cir.1966); *United States v. Sullivan*, 329 F.2d 755, 756–57 (2d Cir.1964) (Marshall, J.). In this case, the court was careful to balance its interest instruction in the precise manner outlined in *Floyd*.

Nor are we persuaded by Jackson's argument that instructing the jury to "ac-

cept" his testimony "with great care" manifested an error akin to that in *Hicks v. United States,* 150 U.S. 442, 451, 14 S.Ct. 144, 37 L.Ed. 1137 (1893). The trial court erred in *Hicks* when it instructed the jury that any conflict between the defendant's testimony and "the statements of other witnesses who are telling the truth" should be resolved against the defendant. *Id.* Such an instruction, in effect, usurped the jury's role in evaluating the relative credibility of trial witnesses. By contrast, in this case, the district court specifically instructed the jury that "[i]t is for you to decide" whether witnesses' interests in the case affected their testimony. Trial Tr. at 234.

We further note that the specific language challenged by defendant in this case is precisely that recommended by Judge Sand in his model instruction on interested witnesses. *See* 1 Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction 7–3 ("[I]f you find that any witness whose testimony you are considering may have an interest in the outcome of this trial ... accept it with great care."), Instruction 7–4 ("You should examine and evaluate [the defendant's] testimony just as you would the testimony of any witness with an interest in the outcome of this case.") (2004). Although some courts employ a slightly different formulation, advising juries that the testimony of a defendant or interested witness should be "scrutinized and weighed with care," *see, e.g., United States v. Gleason,* 616 F.2d at 15, the point is the same: because the witness has an interest in the outcome of the case, a jury must exercise care in evaluating and accepting his testimony.

Accordingly, we reject Jackson's plain error challenge to the court's instruction.

2. *Sentencing*

Relying on *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Jackson claims that his Guidelines-determined sentence constitutes a violation of his rights under the Sixth Amendment to the United States Constitution. In light of the Supreme Court's decision in *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), this case is remanded to the district court for further proceedings in conformity with *Crosby.*

For the reasons stated, we reject Jackson's challenges to the judgment of conviction entered against him on April 20, 2004, except for his Sixth Amendment challenge to his sentence, on which point we RE-MAND to the district court for further proceedings consistent with this order.